IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUELLA VAUGHN,

    Plaintiff,                                       No. CIV 10-1463 MCE KJM PS

    vs.

CITIMORTGAGE INC., et al.,

    Defendants.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendants' motions to dismiss and to strike came on regularly for hearing September 29, 2010. Plaintiff appeared in propria person. Natilee Riedman appeared for defendant CitiMortgage. Alexis Sears appeared for defendant Wells Fargo Home Mortgage. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action removed from state court, plaintiff alleges claims under the Truth in Lending Act ("TILA"), the California Rosenthal Unfair Debt Collections Practices Act ("Rosenthal Act") and the Fair Debt Collection Practices Act ("FDCPA"), as well as fraud, wrongful foreclosure, and breach of the implied covenant of good faith and fair dealing. The loan at issue was a purchase money home loan for $166,920.00 entered into on March 26, 2009 between plaintiff and defendant Wells Fargo. The note was then assigned to defendant

Citimortgage, which instituted foreclosure proceedings when plaintiff defaulted.  The nonjudicial foreclosure proceedings were terminated after a notice of rescission of notice of default was recorded on May 5, 2010.[1]  Defendants move to dismiss for failure to state a claim and move to strike the allegations pertaining to punitive damages, attorneys' fees and injunctive relief.  In opposition to the pending motions, plaintiff's main argument is that defendants are not holders in due course and that therefore their actions were unlawful.

The TILA claim for money damages is barred by the one year statute of limitations.  15 U.S.C. § 1640(e).  The action was originally filed in state court on May 17, 2010, almost two months past the one year statute.  Any claim for rescission cannot lie because purchase money loans are excluded from the TILA rescission provisions.  15 U.S.C. § 1635(e)(1).

The claims under the California Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act cannot lie because instituting foreclosure proceedings is not debt collection within the meaning of those acts.  Cal. Civil Code § 1788.2; 15 U.S.C. § 1692a(6)(A); see Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C. D. Cal. 2008); see also Reynoso v. Paul Financial, LLC, 2009 WL 3833298, *10 (N.D. Cal. 2009).

With respect to plaintiff's remaining claims, plaintiff fails to plead facts that bring the allegedly wrongful conduct within the purview of the state causes of action.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The complaint fundamentally rests on plaintiff's contention that only a "holder in due course" can foreclose.  Under California Civil Code § 2924 et seq., possessing the note is irrelevant to nonjudicial foreclosures.  See Sicairos v. NDEX West, LLC, 2009 WL 385855 (S.D. Cal. 2009) (under section 2924, no party needs to physically possess the promissory note).  Therefore, plaintiff's claims for wrongful foreclosure and breach of the

---

[1] Given the termination of foreclosure proceedings, the court provided the parties time in which to notify the court if any of plaintiff's claims are moot.  Defendant has notified the court, as a courtesy, that it has not been able to obtain documentation from plaintiff that would allow it to draw any conclusions regarding mootness.

covenant of good faith and fair dealing, predicated on the "holder in due course" claim, cannot lie. Plaintiff's fraud claim is similarly deficient. Plaintiff's fraud claim appears to be that she was somehow induced to fund her own loan. Complaint at 7:10-16. This claim, to the extent the court is able to understand it, lacks any factual allegations to support fraud, and plaintiff has made no proffer to suggest amendment would be anything other than futile.

Plaintiff also makes a claim that she made a qualified written request ("QWR"). Although plaintiff makes no express claim under the Real Estate Settlement Procedures Act ("RESPA"), which includes the QWR provisions, such a claim cannot lie because there is no evidence in the record before the court that a QWR within the meaning of RESPA was made. See 12 U.S.C. § 2605(e)(1) (requiring the servicer to provide information relating to the servicing of the loan upon a qualified written request by the borrower). Moreover, any RESPA claim must fail because plaintiff does not plead any facts demonstrating pecuniary damages. See 12 U.S.C. § 2605(f).

As explained above, plaintiff's contentions are untenable. Plaintiff has made no proffer that would suggest amendment of the complaint would be anything other than futile. The court will therefore recommend that the motions to dismiss be granted without leave to amend. Defendant CitiMortgage's motion to strike should accordingly be denied as moot.

The court will also recommend that the entire action be dismissed because the arguments made on behalf of the moving defendants are equally applicable to the remaining defendant, CR Title Services, Inc., which has not yet been served in this action. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.1981) (court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants); see also Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.1995) (sua sponte dismissal appropriate as to defendants who have not been served).

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (docket nos. 10, 12) be granted without leave to amend;

2. Defendants' motion to strike (docket no. 14) be denied as moot; and

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 15, 2010.

_____
U.S. MAGISTRATE JUDGE

006
vaughn-citimtg.57